IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. HIPOLITO DIAZ-COLLAZO, *Defendant.* | CRIMINAL NO. 17-504 (PAD) |

MOTION REQUESTING REVIEW OF DETENTION ORDER AND
REQUEST FOR A DE NOVO DETENTION HEARING

TO THE HONORABLE PEDRO A. DELGADO HERNANDEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

Hipolito Diaz Collazo ("Mr. Diaz") represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, respectfully states and requests as follows:

Introduction

On August 31, 2017, Magistrate Judge Marcos Lopez held a detention hearing as to Mr. Diaz. D.E. 12. Mr. Diaz requested pre-trial release conditions, contending that he was neither a risk of flight nor a danger to the community. Magistrate Judge Lopez denied Mr. Diaz's request for bail finding that Mr. Diaz posed a serious risk of danger to the community. D.E. 13. This determination was based on the court's findings that Mr. Diaz uses marijuana, and the governments proffer that Mr. Diaz was driving a motorcycle without a license plate, that he fled from the police, and discarded a modified firearm before he was apprehended. *Id.*

Mr. Diaz appeals, pursuant to 18 U.S.C. § 3145(b), the magistrate judge's determination regarding danger to the community. Detention is not warranted in this

case. Mr. Diaz is not a danger to the community. What is more, even if the Court determines that Mr. Diaz does present a danger to the community, there are conditions of release that will reasonably assure the safety of the community.

## Discussion

A defendant ordered detained by a magistrate judge may move for review of the detention order by the court having original jurisdiction over the offense. 18 U.S.C. § 3145(b). When such review is requested, the district court is to "engage in *de novo* review of the contested order." *United States v. Tortora*, 922 F.2d 880, 883 n.4 (1st Cir. 1990).

> I. The presumption does not apply and the government did not establish dangerousness by clear and convincing evidence.

The Bail Reform Act clearly delineates that pre-trial detention should be the last resort. *See* 18 U.S.C. § 3142. To that end, Section 3142 requires that a defendant be released unless there are no conditions or combination of conditions that may reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(a). While it is true that a certain number of enumerated offenses raise a presumption that the defendant is a risk of flight and danger to the community, this is not such a case. *See* 18 U.S.C. § 3142(f). As such, the government must demonstrate, by clear and convincing evidence, that Mr. Diaz is a danger to the community. *Tortora,* 922 F.2d at 884. Further, the proof of dangerousness must be more than theoretical; the government must establish that Mr. Diaz actually poses a risk to the community. *See United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991) ("[T]he judge found that although *in theory* a Mafia Boss was an intimidating and highly dangerous character, the government had not demonstrated that *this Boss* posed a significant danger, or at least not a danger that could not be overcome given appropriate conditions.").

2

The government offered no evidence that Mr. Diaz used or threatened use of force during the commission of this alleged offense. Further, Mr. Diaz has never been previously arrested, let alone convicted of any other offense. He has no history of alleged violent or dangerous conduct. To the extent that the government relied on the allegations contained in the criminal complaint to establish dangerousness, this alone is not enough to support a finding of dangerousness. *See United States v. Jeffries*, 679 F. Supp. 1114 (M.D. Ga. 1998). Even assuming their truth, the allegations in the criminal complaint do not demonstrate that Mr. Diaz poses a danger to the community. The detention order relies on three facts contained in the criminal complaint (1) driving a motorcycle without a license plate, (2) fleeing, and (3) possessing and discarding a machine gun.

As an initial matter, the mere possession of a machine gun, although a very serious allegation, does not alone lead to the conclusion that Mr. Diaz is a danger to the community. Had Congress believed that the very nature of this charge raised a presumption of dangerousness, they would have so indicated in the Bail Reform Act. *See* 18 U.S.C. § 3142(e)(3). Failure to have a vehicle properly licensed does not indicate an individual is a danger to his fellow citizens.

As to the alleged flight and disposal of the gun, the complaint states that Mr. Diaz drove down a dead-end street. The government did not offer any evidence that the area where the firearm was allegedly disposed was populated, at all. The government's limited proffer undermines any allegation that the flight and disposal of a firearm—alone—demonstrates a risk of danger.

In turn, a review of all the Section 3142 detention factors, indicate that Mr. Diaz is a productive and peaceful member of his community. At 31 years of age, Mr. Diaz has no prior arrests or convictions. He lives with his wife, an elementary school teacher, in his

parents' home. He has two children, a 9 year-old and a 6 month-old. Mr. Diaz is steadily employed. He has worked for the past 8 years at Taller Chico garage in Cayey—a family run business—owned by Mr. Diaz's grandfather. As evidenced by the rows of family members present at his detention hearing, Mr. Diaz has enormous support from his close knit family, all of whom reside in Puerto Rico.

In sum, after considering the alleged facts of this case and the Section 3142 detention factors the government failed to establish by clear and convincing evidence that Mr. Diaz poses a danger to the community.

II.     Proposed Conditions.

Mr. Diaz contends that he does not present a risk of dangerousness. Nevertheless, even should the Court determine by clear and convincing evidence that Mr. Diaz does present a danger, that risk can be addressed and mitigated by conditions of release. *United States v. Patriarca*, 948 F.2d 789, 791 (1st Cir. 1991) ("If, however, there is some risk, we proceed to evaluate the conditions to see if they will serve as a reasonable guard.") (Internal citations omitted). Conditions of release need only provide an "objectively reasonable assurance of safety." *Tortora*, 922 F.2d at 884 (1st Cir. 1990) ("Requiring that release conditions *guarantee* the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention.") (Internal citations omitted).

Any risk that Mr. Diaz might pose a danger can be mitigated by the following conditions of release: third-party custodian, home detention with electronic monitoring, a substance abuse evaluation and treatment if necessary, a cash bond of $3,000, as well as bond secured by the family owned home (which has an estimated value of $150,000). Mr. Diaz has multiple family members who are willing to serve as a third-party custodian,

including his mother and wife, both of whom have been interviewed by the U.S. Probation Office for the District of Puerto Rico. There are also two family homes that currently have working landlines where Mr. Diaz could reside, on home detention with electronic monitoring.

<u>Conclusion</u>

In sum, Mr. Diaz poses neither a risk of flight nor a danger to the community. Alternatively, there are conditions of release that can reasonably assure Mr. Diaz's appearance at all future court proceedings as well as the safety of the community. For these reasons, Mr. Diaz respectfully requests that this Court conduct a *de novo* review of the magistrate judge's detention order pursuant to 18 U.S.C. § 3145(b) and hold a new detention hearing.

I HEREBY CERTIFY that on this date I electronically filed the present notice with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 7th day of November, 2017.

ERIC ALEXANDER VOS
Chief Defender
District of Puerto Rico

*S/ Lauren E. S. Rosen*
Lauren E. S. Rosen
Research & Writing Specialist
Government No. G02415
241 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918
(787) 281-4922
(787) 281-4899 Fax
Lauren_Rosen@fd.org