# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HIPOLITO DIAZ-COLLAZO <br><br> Defendant. | CRIMINAL NO. 17-504 (PAD) |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is the defendant's "Motion Requesting Review of Detention Order and Request for a De Novo Detention Hearing" (Docket No. 18). For the reasons explained below, defendant shall be detained without bail pending trial.

## I.     BACKGROUND

On August 30, 2017, defendant was charged with knowingly and unlawfully possessing a machine gun (a Glock pistol, Model 21, .45 caliber, bearing serial number NHN-962, loaded with a 13-round magazine, with one round in the chamber, with an external chip modifying it to fire in a fully automatic capacity as a machine gun), in violation of 18 U.S.C. 922(o)(1) and 924(a)(2) (Docket No. 8). On August 31, 2017, U.S. Magistrate Judge Marcos E. López presided over a detention hearing and denied defendant's request for bail, finding that he posed a serious risk of danger to the community (Docket Nos. 12 and 13).

On November 7, 2017, defendant requested a *de novo* bail hearing (Docket No. 18). The same day, the court referred the motion to the United States District Court for the Southern District of Mississippi (Docket No. 19), corresponding to the location where defendant was being held in the aftermath of Hurricane María. On December 5, 2017, defendant was transferred back to Puerto

Rico. On December 12, 2017, he filed a "Motion Requesting Setting of De Novo Bond Hearing in the District of Puerto Rico" (Docket No. 29). On December 13, 2017, the court granted the request, scheduling the *de novo* hearing for December 18, 2017 (Docket No. 30). The hearing was held as scheduled (Docket No. 31). The parties argued their positions. The government proceeded via proffer. Based on the information received during the hearing, the court ordered that defendant remain under custody pending further record review. Id. To that end, the court has carefully reviewed the record in its entirety, including the Transcript of the detention hearing held before the U.S. Magistrate Judge (Docket No. 27), and is persuaded that defendant should be detained without bail pending trial.

## II. DISCUSSION

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, permits detention of a defendant pending trial if no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person and the community. 18 U.S.C. §§ 3142(b) and (e). The government must establish risk of flight by a preponderance of the evidence; and/or dangerousness by clear and convincing evidence. United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community.

This is not a presumption case, for the offense is not listed in 18 U.S.C. §§ 3142(e)(2) and (3), as an offense to which the detention presumption applies. However, the statute authorizes pretrial detention in cases that involve a felony that is not otherwise a crime of violence that

involves the possession or use of a firearm or destructive device (as those terms are defined in Section 921), or any other dangerous weapon. 18 U.S.C. § 3142(f)(1)(E). In making a detention determination, the court must consider the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to any other person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Review of a magistrate judge's release order is *de novo*. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990).

1. Nature and Circumstances of Offense

Defendant possessed a Glock pistol, Model 21, .45 caliber, bearing serial number NHN-962, loaded with a 13-round magazine, with one round in the chamber, with an external chip that modifies it to fire in a fully automatic capacity as a machine gun in a public area, without a government permit to do so. The weapon qualifies as a firearm or destructive device (as those terms are defined in Section 921), or as a dangerous weapon under 18 U.S.C. § 3142(f)(1)(E). If convicted, defendant faces up to 10 years of imprisonment. Further, defendant was in possession of marijuana at the same time he was in possession of the loaded firearm. The offense charged, the circumstances of the crime, and the statutory exposure underpinning it favor detention.[1]

2. Weight of Evidence

The weight of the evidence for bail purposes is strong. As proffered, there is no evidence inconsistent with a finding of guilt. See, United States v. Gray, 529 F.Supp.2d 177, 181 (D.Mass. 2007)(so noting in rejecting claim that weight of evidence was weak). Compare that situation with the one evaluated in United States v. Torres-Rosario, 600 F.Supp.2d 327, 334 (D.P.R. 2009), where

---

[1] For present purposes, the court is entitled to rely on maximum statutory terms of imprisonment. United States v. Moss, 887 F.2d 333, 338 (1st Cir. 1989).

the only witness against the defendant failed to identify him in court during the bail hearing even though he was the only person in the courtroom dressed in an inmate jumpsuit and was sitting at the defense counsel table next to his attorneys. This factor favors detention.

3. History and Characteristics of the Defendant

The government does not argue there is a risk of flight (Transcript of De Novo Hearing, p. 11).[2] The Pretrial Services Report states that the defendant is 36 years of age, and has lived in the record address all his life (Pretrial Services Report, pp. 1-2). He has two siblings. Id. at p. 1. He sustains a consensual relationship with a special education teacher, and has two minor children. Id. at p. 2. He has a high school diploma with some college courses, and has been employed in the same company with his father and grandfather for eight years, seven months. Id. He has no passport or criminal history, does not speak English and has never traveled outside of Puerto Rico except to the Dominican Republic for leisure purposes in 2015. Id. All of this family members are residents of this district. These elements favor release.

4. The Danger Posed to the Community by Defendant's Release

Defendant was arrested driving a motor-cross motorcycle without a license plate or driver's permit (Transcript of De Novo Hearing, pp. 12-13), which calls into question his commitment to comply with basic vehicle safety rules. He initiated a high-speed chase that culminated in a dead end street. Officers asked him to stop, using the official vehicle's siren and strobe light. Instead of complying, he took off, potentially endangering himself and the officers. Not complying with

---

[2] District Judges have Court Reporters as part of their staff when presiding over the different proceedings held before them. Among other responsibilities listed in 28 U.S.C. § 753, reporters are responsible for promptly transcribing, when requested, the original record of all proceedings held before the judge and prepare and file a certified transcript of the same. The transcript is available, following applicable rules and regulations, to parties who have arranged payment. And it is also available at the request of a judge, at no charge to the court. District Judges have access to the rough drafts of the transcripts before a formal request is made by any interested party, or the transcript is filed for the record in the court.

officers' instructions and engaging in evasive behavior highlights that it is more than hypothetical that he will not comply with conditions designed to ensure the community's safety. Nor was he authorized to carry the machine gun and ammunition underlying this charge, which he did in a public area. In addition, he smokes marijuana daily (Pretrial Services Report, p. 3). Unauthorized use of controlled substances connects him to repeated illegal transactions likely to continue if he were released. He was in possession of marijuana at the same time that he was in possession of the loaded firearm.

### III. CONCLUSION

Having carefully considered all the evidence as well as the available range of release conditions, the court concludes that the government has shown, by clear and convincing evidence, that no condition or combination of conditions will assure the safety of the community if defendant is released. The nature and circumstances of the offense charged, including potential penalty; the weight of the evidence; and the danger to the community outbalance other elements in defendant's personal and history and characteristics arguably supporting release even under the conditions mentioned in the Pretrial Services Report (id. pp. 4-5) or those that defendant advocates for (Transcript August 31, 2017, pp. 9-10, 13-14). Therefore, defendant shall be detained without bail pending trial.

**SO ORDERED.**

In San Juan, Puerto Rico, this 11th day of January, 2018.

S/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge