IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    *Plaintiff,*

vs.

CRIMINAL NO. 17-504 (PAD)

HIPOLITO DIAZ-COLLAZO,
    *Defendant.*

FORMAL OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

TO THE HONORABLE PEDRO A. DELGADO HERNANDEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

    The defendant, Hipolito Diaz-Collazo ("Mr. Diaz") represented by the Federal Public Defender for the District of Puerto Rico, through the undersigned attorney, respectfully informs the Court of the following objections to the Amended Presentence Investigation Report ("PSR") disclosed on, August 29, 2018. D.E. 66.

**Paragraph 8: Description of Offense Conduct & Paragraph 21: Stolen Weapon Enhancement**

    Mr. Diaz objects to the inclusion of the U.S. Probation Offices "Atlas search" in the offense conduct section. Mr. Diaz did not receive any discovery from the government demonstrating the gun was stolen, nor has he received any paperwork from the Probation Office so showing.

    The results of the Atlas search, as compared to other information contained in the offense conduct section, is based on unverified information, and therefore should not be included in the PSR. As noted in the Addendum, the search engine is based on information gathered from local agencies. Presumably, a report is given to the data

1

collection agency, who then enters the information into the search engine. Thus, any information in the search is twice removed from the original source. Without more verification, or corroboration such information should not be included in the offense conduct section.

Mr. Diaz further objects to the results of this uncorroborated search engine providing the basis for a two-point enhancement. Again, for the reasons stated above, Mr. Diaz objects to an enhancement based on information that he has not been provided, and on uncorroborated and unverified search.

## Paragraph 20: Enhanced Base Offense Level

This paragraph applies an enhanced base offense level ("BOL") under USSG § 2K2.1(b)(4)(B), asserting that Mr. Diaz was a prohibited person. However, as there is no evidence that any regular drug use took place over a long period of time, Mr. Diaz is not a prohibited person and the enhanced BOL should not apply.

As explained in the guideline commentary, a prohibited persons, under subsection (a)(4)(B) "means any person described in 18 U.S.C. § 922(g)[.]" USSG § 2K2.1, cmt. 3. A person is a drug user, and therefore a prohibited person pursuant to 18 U.S.C. § 922(g)(3) if they (1) used controlled substances regularly; (2) the use took places over a long period of time; and (3) the use was proximate or contemporaneous with firearm possession. *United States v. Caparotta*, 676 F.3d 213, 216 (1st Cir. 2012). To be a prohibited person the drug use must be regular, over a long period of time. *United States v. Marceau*, 554 F.3d 24, 30 (1st Cir. 2009); *Caparotta*, 676 F.3d at 218; *United States v. Torres-Rivera*, No. CR 15-481 (PAD), 2016 WL 3024061, at *2 (D.P.R. May 24, 2016) (defendant a prohibited person where he was a drug user for nine years and he smoked marijuana "straight up" for the past four years).

The bail report in this case that was incorporated into the PSR includes the following statements: (1) that Mr. Diaz first used marijuana at age 27 and (2) that at the time of his arrest he was smoking approximately ½ a joint on a daily basis. Significantly, the PSR is devoid of any statement or other evidence, demonstrating Mr. Diaz regularly used marijuana from the date of first use. In applying the enhancement the PSR assumes that because Mr. Diaz first used marijuana at age 27, he has regularly used the drug since. But no such evidence is in the record. Accordingly, Mr. Diaz is not a prohibited person within the meaning of 2K2.1(b)(4)(B), and his BOL should be 18 rather than 20.

## Paragraph 25, 28, and 62: Guideline Range

If the Court sustains Mr. Diaz's objection to the enhanced base offense level the total offense level would be 17 yielding a guideline range of 24 to 30 months.

If the Court sustains Mr. Diaz's objection to the stolen weapons enhancement, the total offense level would be 17 yielding a guideline range of 24 to 30 months.

If the Court sustains both objections, the total offense level would be 15, yielding a guideline range of 18 to 24 months.

WHEREFORE, Mr. Diaz respectfully requests that the Court take notice of these objections to the PSR.

I HEREBY CERTIFY that on this date I electronically filed the present notice with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 10th day of September, 2018.

ERIC ALEXANDER VOS
Chief Defender
District of Puerto Rico

*S/ Lauren E. S. Rosen*
Lauren E. S. Rosen
Assistant Federal Public Defender
Government No. G02415
241 F.D. Roosevelt Ave.
San Juan, Puerto Rico 00918
(787) 281-4922
(787) 281-4899 Fax
Lauren_Rosen@fd.org